IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS HERLIHY | : |
|  Plaintiff, | : Civil Action No. 2-19-cv-1283-AB |
| vs. | : |
| AFAB INDUSTRIAL SERVICES, INC., | : |
| RUFFIN SOILS, INC., and | : |
| EVERETT L. FARR, III | : |
|  Defendants. | : |

**MOTION OF DEFENDANTS' TO COMPEL DISCOVERY RESPONSES
BY THE PRODUCTION OF DOCUMENTS**

AND NOW COME, AFAB INDUSTRIAL SERVICES INC. ("AFAB"), RUFFIN SOILS, INC. ("Ruffin"), and EVERETT L. FARR, III ("Farr") (collectively "Defendants"), by and through their counsel Curtin & Heefner LLP and respectfully represent:

1. The above caption matter concerns a dispute arising from the formation of one of a series of companies with assignment of equity interests and employment arrangements extending during the period April 2017 through and including December 2018.

2. Defendants believe and therefor aver that the basis for Plaintiff's claim is one of a series of documents, specifically an "Employment Agreement" ("Employment Agreement"), under which Plaintiff would "serve as the Chief Officer and General Manager" of a "for profit" entity to be named Ruffin Soil Company, LLC ("Ruffin") in which Plaintiff was to be a "sweat" equity member/owner (no financial investment but contributed knowledge and efforts to bring business into reality) as well as chief operating officer. The other documents including an "Operating Agreement of Ruffin Soil Company, LLC" ("Operating Agreement") which identified

2557870.1/53774

Plaintiff as an equity member/owner. Simply the Employment Agreement supplemented the Operating Agreement. That is, Plaintiff was an owner of the company to be his employer and the Employment Agreement set forth his responsibilities and compensation term.

3. Ruffin was never incorporated and the membership agreement among the equity members including Plaintiff was never finalized and executed as Plaintiff failed to bring the Ruffin business plan into existence.

4. Pending finalization of the Ruffin incorporation and equity membership documents, Plaintiff was to be compensation on and after January 1, 2018 temporarily as an employee of AFAB, a Pennsylvania corporation, as AFAB was authorized to operate as a foreign corporation in Oregon since 2015. Per the express terms of the Employment Agreement, Plaintiff was to transition from employment funded by AFAB to employment funded by Ruffin. Plaintiff was to be a short term employee of AFAB only until Ruffin was operating under its own corporate authority and Plaintiff's direction.

5. The business purpose of Ruffin was to manufacture and sell enhanced soil specifically designed for the propagation of cannabis seed which would yield plants for processing CBD oil under 3% THC level to be used as a base for a variety of CBD consumer products.

6. The 2018 Farm Bill enacted by the federal government legalized the growing and harvesting of cannabis products under the 3% THC level and permitted its interstate transportation. Under the 2018 Farm Bill, hemp, which is a cannabis product, was removed from the federal controlled substance classification.

7. The Ruffin company's business plan was one of several vertically integrated business ventures with multiple investor variations designed to create several companies which would (a) process enhanced soil, (b) cultivate "hemp" seed and plants, (c) grow and harvest hemp

plants, (d) develop processes to convert hemp organic material into cannabidiol oil (a/k/a "CBD"), and (e) market CBD processed oil for sale to end users for the manufacture of CBD consumer products. The purpose of Ruffin was to produce and sell "enriched soil" for use in producing hemp seedlings and plants. The enriched soil was to be utilized by the related companies as well as to be made available for sale to other farmers in the southern Oregon region.

8. It is Defendants' position that after substantial financial investment by others and none by Plaintiff, Plaintiff decided not to proceed with the Ruffin business plan and abandoned his responsibilities under the Employment Agreement.

9. It is Defendants' position that after Plaintiff ceased functioning as Ruffin's chief scientist and chief operating officer, Plaintiff sought to have the investors finance similar hemp grows and harvesting in western New York State where Plaintiff maintained his primary residence. Plaintiff sought to be in total control of the New York operations with no financial investment. When Plaintiff informed the investors in October 2019 that the western New York program was not feasible, Plaintiff ceased all functioning with Defendants and the Oregon investment group.

10. Defendants believe and therefore aver that notwithstanding that Plaintiff ceased any efforts to bring Ruffin into an operating company in the first quarter of 2018, Plaintiff seeks to be paid under the Operating Agreement / Employment Agreement written specifically to create equity interests and compensation which Plaintiff solely decided to abandon.

11. Plaintiff and Defendants have exchanged a substantial volume of documents as follows:

|   |   |
|---|---|
| a. Plaintiff initial number of documents: | 336 pages |
| b. Defendants initial number of documents: | 1,013 pages |
| c. Plaintiff's second number of documents: | 2,042 pages |
| Total number of pages exchanged: | 3,391 pages |

2557870.1/53774

12. On or after October 7, 2019, Defendants served on Plaintiff, Defendants' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF AFAB INDUSTRIAL SERVICES INC., RUFFIN SOILS, INC., AND EVERETT L. FARR, III. ("Defendants' First Discovery Request").

13. The Defendants' First Discovery Request, specifically asked the Plaintiff to produce the following documents, among others:

> [The following paragraph numbers are as sequenced in Defendants' First Discovery Request]
> . . .
> 6. "all documents and electronically-stored information identifying Ruffin's place of business."
> . . .
> 9. " all documents all documents and electronically-stored information identifying Plaintiff as an employee of Ruffin."
> 10. "all documents and electronically-stored information identifying Plaintiff as an employee of Farr."
> . . .
> 18. "all documents including IRS Forms W-2 and 1099 evidencing Herlihy's employment during the period January 1, 2015 through December 31, 2018."
> 19. "all documents evidencing Herlihy's proprietary interest as a proprietor, partner, limited partner, shareholder, equity owner, or investor in any business during the period January 1, 2015 through December 31, 2018."
> 20. "all documents identifying Herlihy's calendar schedule for the period January 1, 2018 through December 31, 2018 …"
> . . .
> 26. "all documents identifying expenses for which Herlihy requested reimbursement from AFAB."
> 27. "all documents consisting of all Herlihy federal income tax returns for 2016, 2017 and 2018."
> 28. "all documents identifying Herlihy's relationship with RT Solutions LLC during the years 2016, 2017 and 2018."
> 29. "all documents identifying any dispute between Herlihy and RT Solutions LLC."
> 30. "all documents identifying any litigation between Herlihy and RT Solutions LLC."
> . . .
> 32. "all documents identifying any settlement agreements between Herlihy and RT Solutions [LLC]."
> 33. "all documents identifying any cash or other consideration between Herlihy and RT Solutions [LLC]."
> 34. "all documents identifying any business relationship between Herlihy and any third party other than AFAB which relationship was created after January 1, 2018, including any and all businesses related to soil production with or without worm castings."
> . . .

2557870.1/53774

> 37. "all documents identifying equipment to be purchased and purchased for the Soil Production Project at Brophy Ranch selected by Herlihy."
>
> . . .
>
> 44. "all documents prepared by Herlihy which consists of pro forma financial statements for the Soil Production Project which identify the production schedule and sales program for the products to be created in the Soil production Project, including forecasts for the recovery of all costs (including but not limited to land preparation, barn (sic) building, equipment acquisition, equipment installation, soil purchase, packaging materials, shipping and delivery costs, and labor costs)."
>
> 45. "all documents prepared by Herlihy explaining the reasoning for termination of the Soil Production Project."

14. Defendants' initial request for the above described documents was made nearly two (2) years ago on October 7, 2019. Plaintiff initial submission was only 336 pages which Plaintiff limited to only a portion of the period of time relevant to this matter. Only after Defendants delivered 1013 pages extending to a substantially larger period of time did Plaintiff deliver an additional 2042 pages. Examination of Plaintiff's entire submission fails to identify any of the documents identified in this Motion to Compel.

15. Plaintiff has never offered an explanation as to why Plaintiff will not or cannot provide the requested documents.

16. Plaintiff has not requested judicial relief to be excused from providing the requested documents.

17. Defendants are entitled to examine the requested documents to prepare their defense.

18. The requested documents are relevant and material to the dispute between Plaintiff and Defendants.

19. The Plaintiff has no basis in fact or law to withhold the requested documents.

2557870.1/53774

20. Defendants cannot obtain the requested documents from any other source as Plaintiff has exclusive control over the requested documents or the documents are simultaneously held by third parties whose identities are unknown to Defendants.

21. The Plaintiff will experience no prejudice as a result of an Order compelling Plaintiff to produce the requested documents. Defendants' requests have been outstanding for nearly two (2) years and the requests are of no surprise to Plaintiff.

22. Plaintiff produced an initial 336 pages of documents and then produced an additional 2042 pages of documents after Defendant produced 1013 pages of documents spanning a time span far greater than Plaintiff's original submission.

23. The requested documents are essential to Defendants' preparation for trial and their defense at trial.

24. Defendants' have demonstrated cause for the granting of this Motion to Compel.

25. Defendants believe and therefor aver that Plaintiff has no basis in fact or law to defend this Motion to Compel.

WHEREFORE, Defendants respectfully request that this Court grant the Motion to Compel and enter the proposed form of Order.

                                            Respectfully submitted,
                                            /s/ Robert Szwajkos
                                            Robert Szwajkos, Esquire
                                            For CURTIN & HEEFNER LLP
                                            1040 Stony Hill Road, Suite 150
                                            Telephone:   215-736-2521
                                            Email:   rsz@curtinheefner.com

Dated: September 29, 2021