IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS HERLIHY | : | |
| Plaintiff, | : | Civil Action No. 2-19-cv-1283-AB |
| vs. | : | |
| AFAB INDUSTRIAL SERVICES, INC., | : | |
| RUFFIN SOILS, INC., and | : | |
| EVERETT L. FARR, III | : | |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS' TO COMPEL DISCOVERY RESPONSES BY THE PRODUCTION OF DOCUMENTS**

**I.   Matter before the Court**

Defendants AFAB Industrial Services, Inc., Ruffin Soils, Inc. and Everett L Farr III (collectively "Defendants"), by and through their counsel, Curtin & Heefner LLP, hereby move this Honorable Court to enter an appropriate Order against Plaintiff Thomas Herlihy pursuant Rule 37 of the Federal Rules of Civil Procedure, and in support thereof submit this Memorandum of law in support of their Motion of Defendants' To Compel Discovery Responses by the Production of Documents ("Motion to Compel").

**II.   Statement of Questions Involved**

Should the Court enter an Order compelling Plaintiff to respond to Defendants' discovery requests within twenty (20) days as identified in MOTION OF DEFENDANTS' TO COMPEL DISCOVERY RESPONSES BY THE PRODUCTION OF DOCUMENTS?

(Suggested Answer: YES)

### III. Factual Background

Plaintiff filed a Complaint against the Defendants which has been docketed under the above caption at Civil Action No. 19-1283.

On or about October 7, 2019 Defendants' served the FIRST REQUEST FOR PRODUCTION OF DOCUMENTS OF AFAB INDUSTRIAL SERVICES INC., RUFFIN SOILS, INC., AND EVERETT L. FARR, III ("Defendants' First Discovery Request") on Plaintiff.

Plaintiff and Defendants have exchanged a substantial volume of documents through as follows:

| | |
|---|---|
| a. Plaintiff initial number of documents: | 336 pages |
| b. Defendants initial number of documents: | 1013 pages |
| c. Plaintiff's second number of documents: | <u>2042 pages</u> |
| Total number of pages exchanged: | 3,391 pages |

Notwithstanding, the substantial exchange of documents between the Plaintiff and the Defendants, the Plaintiff has, without explanation or permission of this Court, withheld specific, critical information which is material and relevant to Plaintiff's claims and Defendants' defenses.

Defendants have identified the specific documents and information demanded in their Motion to Compel which makes specific references their Defendant's First Discovery Requests.

In order for Defendants' to properly prepare to depose Plaintiff and prepare for trial, Defendants require inspection of the requests documents which Plaintiff has failed for more than two years and thousands of exchanged documents to produced without explanation, excuse or permission.

Prior to filing Defendants' Motion to Compel, counsel for Defendants forwarded a copy of these pleadings to counsel for Plaintiff. Despite the best efforts of counsel to resolve this discovery dispute, Plaintiff continues to refuse to deliver the identified documents. Only after counsel were

unable to resolve this discovery dispute did counsel for Plaintiff file the Motion to Compel and seek judicial direction to force Plaintiff to produce documents in Plaintiff's possession.

## IV.   LEGAL STANDARD

This Court's POLICIES AND PROCEDURES* GENERAL MATTERS for Civil Cases provides:

> Discovery Matters
>
> . . .
>
> 2. Discovery Conferences and Dispute Resolution Judge Brody expects the parties to resolve discovery disputes on their own. If they cannot, she will hold a telephone conference or an in-chambers conference, depending on the number of counsel and issues. Judge Brody requires that all discovery disputes be addressed by motion. At the discretion of counsel, however, a letter designated as a motion may be appropriate.

As the parties remain at an impasse, Defendants' seek relief from the Court

> Federal Rule of Civil Procedure 37 states:
> (a) Motion for an Order Compelling Disclosure or Discovery
>   (1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.
>   . . .
>   (2) Appropriate Court. A motion for an order to a party must be made in the court where the action is pending. . . .
>
>   (3) Specific Motions
>   . . .
>   (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>   . . .
>   (iv) a party fails to produce documents . . .
>
>   (4) Evasive or Incomplete Disclosure, Answer, or Response. For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.
>
>   (5) Payment of Expenses; Protective Orders.

(A) If the Motion is granted (or Disclosure or Discovery is Provided After Filing). If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay movant's reasonable expenses incurred in making the motion, including attorney's fees. . . .

## V. LEGAL ARGUMENT

The specific requests have been pending for nearly two (2) years. The parties have, through multiple deliveries, made exchanges of thousands of documents. Counsel for Defendants have requested the missing documents from Counsel for Plaintiff. The Court has upon request of Counsel extended the discovery deadline to allow the parties to exchange thousands of pages of documents. However, Defendants cannot complete their preparation for Plaintiff's deposition until Plaintiff provide the remaining documents which were identified nearly two (2) years ago. Without this Court's intervention, the Defendants will be seriously prejudiced if Plaintiff is not directed to respond to reasonable and relevant document requests. Having failed to obtain the documents through joint Counsel action, Defendants must file this Motion to Compel to protect their interests.

The documents and the information contained therein is within the exclusive custody and control of the Plaintiff. Only Plaintiff knows the location of the requested documents and only Plaintiff and deliver the requested documents to Defendants.

Defendants request that the Court grant the Motion to Compel and entered the proposed form of Order.

Further, Defendants pray, if appropriate, that the Court also enter an order granting sanctions and direct Plaintiff to pay Defendants' attorneys fees and expense in the preparation and prosecution of the Motion to Compel.

WHEREFORE, Defendants respectfully pray that the Court grant the Motion to Compel and direct the Plaintiff to deliver the documents identified in the Motion to Compel and accompanying pleadings within twenty (20) days of the date of the Court's Order, and grant such further relief as the Court deems just and reasonable, including the award of attorney's fees and expenses.

Respectfully submitted,

/s/ Robert Szwajkos

Robert Szwajkos, Esquire
For Curtin & Heefner LLP
1040 Stony Hill Road, Suite 150
Telephone:    215-736-2521
Email:        rsz@curtinheefner.co,

Dated: September 29, 2021