IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS HERLIHY,<br><br>    PLAINTIFF,<br><br>v.<br><br>AFAB INDUSTRIAL SERVICES, INC., RUFFIN SOILS, INC., and EVERETT L. FARR, III,<br><br>    DEFENDANTS. | Civil Action No. 2-19-cv-1283-AB |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS**

Plaintiff Thomas Herlihy, by and through his undersigned attorneys, Bell & Bell LLP, hereby submits this Memorandum of Law in Opposition to Defendants AFAB Industrial Services, Inc., Ruffin Soils, Inc., and Everett L. Farr, III's (hereinafter "Defendants") Motion to Compel the Production of Documents.

**I.     INTRODUCTION**

Notwithstanding the thousands of pages already produced, Defendants have filed this motion to compel, insistent upon forcing Mr. Herlihy to produce documents that Defendants already have, that Mr. Herlihy has already produced, that Mr. Herlihy has already indicated he is not in possession of, or documents that are not relevant to claims or defenses in this matter. Defendants' Motion to Compel is an unnecessary waste of time and resources. For these reasons, and the reasons discussed below, Defendants' Motion should be denied.[1]

---

[1] Additionally, Defendants have been refusing to provide witnesses for deposition as a result of the purported failure to produce the documents sought by way of this motion, prejudicing Plaintiff's ability to prosecute his claims in this matter.

**II.     DOCUMENTS REQUESTED BY DEFENDANTS**

In their Motion, Defendants claim that Mr. Herlihy has not produced the following documents in response to Defendants' First Discovery Request:

- Request No. 6 (documents identifying Ruffin's place of employment);

- Request No. 9 (documents identifying Plaintiff as an employee of Defendant Ruffin);

- Request No. 10 (documents identifying Plaintiff as an employee of Defendant Farr);

- Request No. 18 (tax documents for Plaintiff from 2015-2018);

- Request No. 19 (documents evidencing Plaintiff's interest in any business from 2015-2018);

- Request No. 20 (documents identifying Plaintiff's calendar schedule for year 2018);

- Request No. 26 (documents identifying expenses Plaintiff requested reimbursement for from Defendant AFAB);

- Request No. 27 (Plaintiff's federal income tax returns for 2016, 2017 and 2018);

- Request No. 28 (documents identifying Plaintiff's relationship with RT Solutions from years 2016-2018);

- Request No. 29 (documents identifying any dispute between Plaintiff and RT Solutions);

- Request No. 30 (documents identifying any litigation between Plaintiff and RT Solutions);

- Request No. 32 (documents identifying any settlement agreements between Plaintiff and RT Solutions);

- Request No. 33 (documents identifying any cash or other consideration between Plaintiff and RT Solutions);

- Request No. 34 (documents identifying any business relationship between Plaintiff and any party other than Defendant AFAB after January 1, 2018);

- Request No. 37 (documents identifying equipment to be purchased for the Soil Production Project at Brophy Ranch);

- Request No. 44 (financial statements prepared by Plaintiff for the Soil Production Project); and

- Request No. 45 (documents identifying Plaintiff's reasons for terminating the Soil Production Project).

Defendants' Motion should be denied, as the documents have already been produced, are already in the possession of Defendants, are documents Mr. Herlihy has already indicated he does not have, and/or are entirely irrelevant.

Defendants themselves concede that there have been 3,391 pages of documents produced, the vast majority by Mr. Herlihy himself. *See* Defendants' Motion, at p.3 (noting that Plaintiff produced 2,378 documents as compared to the 1,013 pages produced by Defendants). Nevertheless, Defendants still assert, without any support, that Mr. Herlihy must provide further documents. As discussed in detail below, there is no basis for the instant motion.

### III. LEGAL ARGUMENT

#### A. Legal Standard for a Motion to Compel

Federal Rule of Civil Procedure 37 governs motions to compel discovery, and '[t]he scope of what type of discovery may be compelled under Rule 37 is defined, in turn, by Rule 26(b)(1) of the Federal Rule of Civil Procedure.'" *Plump v. La Salle Univ.*, No. 19-CV-4579, 2020 WL 3250532, at *2 (E.D. Pa. June 15, 2020) (citing *Brewer v. Berks Cnty. Sheriff*, No. 13-5763, 2015 WL 13620425, at *2 (E.D. Pa. Oct. 5, 2015)). "Under Rule 26, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" *Id*. (citing Fed. R. Civ. P. 26(b)(1)). "Relevance in this context has been construed broadly to encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case." *Id*.

(citing *United States ex rel. Bergman v. Abbott Labs*., No. 09-4264, 2016 WL 4247429, at *2 (E.D. Pa. Aug. 11, 2016)).

"The scope of discovery is broad, but it is not unlimited." *Id*. (citing *Bayer AG v. Betachem, Inc*., 173 F.3d 188, 191 (3d Cir. 1999)). "Discovery should not serve as a fishing expedition." *Id*. (citing *Upshaw v. Janssen Research & Development, LLC*, No. 11-7574, 2014 WL 1244047, at *3 (E.D. Pa. Mar. 26, 2014)).

### B. The Requests Relating to Plaintiff's Previous Employer are Entirely Irrelevant

As noted *supra*, Defendants seek several categories of documents relating to Mr. Herlihy's prior relationship with RT Solutions, LLC – specifically, Request Nos. 19, 28, 29, 30, 32, and 33. Defendants also seeks documents relating to any business relationship that Mr. Herlihy had with any third party after January 1, 2018. *See* Request No. 34.

There is absolutely no factual relevance for these documents whatsoever to this litigation, and even if there was, it is unfathomable to comprehend how such documents requested – i.e., documents relating to Plaintiff's interest in his former or future employer's business, disputes between Plaintiff and his former employer, litigation between Plaintiff and his former employer, and any settlement agreements or cash/consideration between Plaintiff and his former employer – would have any bearing on this litigation. Plaintiff's relationship with RT Solutions, LLC is from a time prior to his employment with Defendants and irrelevant to this litigation.

Defendants provide no basis whatsoever for the need for such documents and no demonstration or explanation of their relevance. Rather, Defendants simply assert vague and generalized arguments in support of their argument, such as "[t]he requested documents are relevant and material to the dispute between Plaintiff and Defendants" (Defendants' Motion, at p.5) and that "Defendants will be seriously prejudiced if Plaintiff is not directed to respond to

reasonable and relevant document requests." Defendants' Brief, at p.4. Despite these claims, Defendants have not asserted one shred of fact or evidence demonstrating that such documents are relevant to this litigation, that they are material to the dispute, or even how Defendants would be prejudiced without production of the requested documents. Nor could they. The documents requested are plainly not relevant, and thus not discoverable. Instead, Defendants are seeking irrelevant documents relating to Mr. Herlihy's employment prior to working for Defendants as a fishing expedition.

The rule is clear that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case.'" Fed. R. Civ. P. 26(b)(1). The documents here are neither relevant to any claim or defense, and are not proportional to the needs of the case. Plaintiff properly and timely objected to these requests, and Defendants' motion should be denied.

### C. Defendants Already Have All Documents Relating to Plaintiff's Employment with Defendants

In their Motion to Compel, Defendants also request several categories of documents relating to Mr. Herlihy's employment with Defendants, namely, Request Nos. 6, 9, 10, 20, 26, 37 and 44. As noted *supra*, Mr. Herlihy has produced all relevant and responsive documentation in his possession. Therefore, to the extent Mr. Herlihy had any such documents, they have already been produced.

Notwithstanding the foregoing, Defendants are already in possession of such documents. Defendants' argument that "[t]he documents and the information contained therein is within the exclusive custody and control of the Plaintiff" is absurd. *See* Defendants' Brief, at p.4. As all of these requests relate to Mr. Herlihy's employment with Defendants, all such documents are necessarily either equally available to Defendants or solely within their own possession, custody

or control.  For example, Defendants request that Mr. Herlihy produce documents "identifying Ruffin's place of business" (Request No. 6).  Despite Defendants' (including Ruffin's) generalized complaints that such documents are solely within Mr. Herlihy's possession, this is absurd on its face, as Ruffin clearly has possession of documents identifying its own place of business.

As with its other Requests, Defendants make no argument indicating why they are not in possession of such documents already or how Mr. Herlihy's failure to produce such documents (to the extent not already produced) would cause any prejudice or impact to Defendants. The simple fact is that the failure to compel such documents would not cause any prejudice to Defendants. There is no need to compel Mr. Herlihy to produce the documents, as he has already produced all documents in his possession and such documents are either equally available to or solely in the possession of Defendants. Defendants' Motion to Compel should be denied.

### D.  **Plaintiff Has Already Produced Relevant Tax Returns**

Finally, Defendants state that they require Mr. Herlihy's tax documents evidencing his employment from January 1, 2015 through December 31, 2018 (Request No. 18) and all of Mr. Herlihy's federal income tax returns for years 2016, 2017 and 2018 (Request No. 27). Again, Defendant's argument has no merit.

Notably, Mr. Herlihy has produced his relevant tax returns, which include tax returns for years 2019 and 2020. These documents demonstrate Mr. Herlihy's mitigation income and thus are discoverable. However, yet again, Defendants have not provided any information or evidence, other than general and conclusory assertions, that Mr. Herlihy's tax information for the prior years is relevant or discoverable. They are not.

In sum, Defendants have not offered any valid reason for production of the requested documents. Defendants simply set forth broad and conclusory arguments that "[t]he requested documents are essential to Defendants' preparation for trial and their defense at trial" and "Defendants' [sic] have demonstrated cause for the granting of this Motion to Compel." Defendants' Motion, at p.6. This is simply not the case. The documents are not relevant, have already been produced, or, contrary to Defendants' argument, are either equally available to them or within their sole possession. There is no reason to compel Mr. Herlihy to produce the additional documents, particularly tax documents for years prior to his employment with Defendants, and Defendants have not provided any reason to do so.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants have not demonstrated cause for an Order compelling production of the documents sought, and Plaintiff Thomas Herlihy respectfully requests that this Court deny Defendants' Motion to Compel in its entirety.

Respectfully submitted,

BELL & BELL LLP

By:   /s/Christopher A. Macey, Jr.
       Christopher A. Macey, Jr., Esquire
       1617 JFK Blvd. – Ste. 1254
       Philadelphia, PA 19103

       *Attorneys for Plaintiff Thomas Herlihy*

Dated: October 13, 2021