IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS HERLIHY | : | |
| Plaintiff, | : | Civil Action No. 2-19-cv-1283-AB |
| vs. | : | |
| AFAB INDUSTRIAL SERVICES, INC., | : | |
| RUFFIN SOILS, INC., and | : | |
| EVERETT L. FARR, III | : | |
| Defendants. | : | |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

AND NOW COME, AFAB INDUSTRIAL SERVICES INC. ("AFAB"), RUFFIN SOILS, INC. ("Ruffin"), and EVERETT L. FARR, III ("Farr") (collectively "Defendants"), by and through their counsel Curtin & Heefner LLP and respectfully represent:

**I.    BACKGROUND OF DISCOVERY DISPUTE**

1. Defendants incorporate their MOTION TO COMPEL PRODUCTION OF DOCUMENTS ("Motion"), and their MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DEFENDANTS' TO COMPEL DISCOVERY RESPONSES BY THE PRODUCTION OF DOCUMENTS, herein as if set forth entirely herein.

2. The Motion seeks an Order compelling production of documents within Plaintiffs custody and control relevant to Plaintiff's claims and Defendants' defenses. The documents sought and the information contained therein could bear on, or that could reasonably lead to other matter that could bear on any issue that is or may be in the case. Federal Rules of Civil Procedure 26(b)(1) and 37. As to the legal standards, there is no dispute. See PLAINTIFF'S MEMORANDUM OF

LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS, pages 3, 4 ("Plaintiffs Memo").

3.  Presently before the Court is a discovery dispute which can be summarized as follows:

a.  Plaintiffs Complaint sought to identify Plaintiff as merely an employee of Defendants and that he is entitled to monetary recovery based upon wrongful termination. However, as the Plaintiffs own documents demonstrate, Plaintiff was an equity owner of the enterprise and not merely an employee and, furthermore, sought to expand operations from Oregon to his home area in western New York where he would be solely in charge with no supervision of an operation which would cost more than $1 million in the first year. This operation was to be funded solely by the other members of the equity group with no financial contribution from Plaintiff except "sweat equity", and more importantly, no financial responsibility for any financial losses. That is, Plaintiff sought to position himself only for the upside profit of the programs and with no risk of downside financial loss. Plaintiff terminated Ruffin's soil production project causing financial losses to Defendants and others. Throughout 2018, Plaintiff repeated made representations that the New York operation was feasible and could be implemented. When Plaintiff finally admitted in October 2018 that the necessary New York licensing was unattainable and that despite Plaintiffs representation that the program was both in fact and financially feasible, did the equity players abandoned hopes of the New York project and Plaintiffs involvement was concluded for all purposes. As Plaintiff had abandoned the original Ruffin Soils soil enrichment program and as the New York program never was realistic, Plaintiff has no basis to assert he was merely an "employee" or that he has any claim against the Defendants, jointly or individually.

b.  The present discovery dispute addresses, among other things, Plaintiffs 2018 business activities concurrent with his business activities with Defendants and other equity members which demonstrate that Plaintiff was not merely an employee but was working for his self-interest in a variety of activities which he sought the other equity members to finance.

c.  The Plaintiffs initial response to Defendants' requests for the production of documents consisted only of 336 pages covering a limited period of time. In PLAINTIFF'S ANSWERS AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES, dated January 31, 2020, in response to Request No. 4, Plaintiff stated, at page 6:

> ... Plaintiff met with Mr. Farr in New York in late 2017 and at that time there was a proposal that Plaintiff enter an agreement with Defendants. Prior to January of 2018, Mr. Herlihy's contract with RT Solutions, LLC d/b/a Worm Power ("RT Solutions") terminated. No agreements between Plaintiff and any third party were terminated with the effectiveness of the Employment Agreement...

d.  In response to Plaintiffs Requests for the Production of Documents, Defendants produced 1013 documents which were dated starting in May 2017, nearly a half year earlier than Plaintiffs documents, which identified among other items, Plaintiffs business dealing in Mexico which Plaintiff and Defendants visited in May/June 2017 which activities continued throughout 2018; and Defendants believe thereafter. In addition, during the summer of 2017, Plaintiff initiated written agreements with the assistance of his own legal counsel for an equity position in Ruffin Solid where he would be compensation as an equity member and as chief executive officer in charge of all operations.

e.  Thereafter, in further response to Defendants' Requests for the Production of Documents. Plaintiff produced 2042 documents which Plaintiff previously withheld.

5

  f. Notwithstanding the exchange of 3391 total documents, Plaintiff has deliberately side stepped disclosing his business activities during 2017 and 2018 which were solely for his self-benefit and in certain respects contrary to the mutual interests of the equity members including Plaintiff and which may have produced substantial payments to Plaintiff during the relevant period and thereafter. It is only after Defendants' Motion was filed did Plaintiff seek protection from this Court to be excused from producing Documents which are solely are in Plaintiffs possession and which Plaintiff has never denied exist. For example. Plaintiff continues to withhold all documents, identified in Plaintiffs responses to discovery, relating to his 2017 financial settlement with RT Solutions and his efforts, which Defendants believes, was to gain access to RT Solutions' intellectual property in 2018 and thereafter. In producing Plaintiffs tax returns, the information was heavily redacted to omit any detail as to the sources of his income and the related expenses underlying such income during the relevant period. From the documents produced, it is impossible to determine Plaintiffs sources of income. In addition, without the settlement documents relating to RT Solutions, it is impossible to determine the amount of funds received by Plaintiff from his settlement with RT Solutions during 2018 or any time thereafter. Simply, Plaintiff claims he was wrongfully terminated as an employee and financially prejudiced but he refuses to disclose his concurrent 2018 activities which would demonstrate his varied efforts to expand his no risk "equity" positions which would contradict the basic premise of the Complaint - that he was simply an employee; which he was not!

## II. PLAINTIFF'S RESPONSE TO MOTION

4. In response, Plaintiff argues, on page 1 of this Memo, that Defendants' actions seeking such documents and information are unwarranted, irrelevant, not in Plaintiff's possession, have been produced, or are Defendants' own documents. This response, like his distortion of the starting

date of Plaintiff s involvement with Defendants, is a continued pattern of concealment of Plaintiff s business activities; his financial activities in 2017, 2018 and 2019; and clearly shows his efforts to engaged in self-serving financial activities, contrary to his responsibilities as an equity owner of Ruffin Soils, and to the financial detriment of Defendants and other equity members.

5. Defendants' Motion seeks an Order compelling Plaintiff to produce documents, which exist and are in Plaintiffs sole custody and control and which are relevant and material to the ultimate disposition of this litigation. Claims of the issues of relevancy are premature and can be addressed at the time of pretrial and trial proceedings. Plaintiff has not denied that the specific financial documents exist or that he is solely in possession of such documents. Plaintiffs efforts in reaction to the Motion are intended to prevent a complete disclosure of the facts in this case which would defeat his claims.

6. Plaintiff responded directly to Defendant's requests for documents related to RT Solutions and "any business relationship that Mr. Herlihy had with any third party after January 1, 2018. See Request No. 34." Memo, page 4.

7. Plaintiff s argument is that the requested material is "irrelevant to this litigation." This argument is contrary to the express purposes of Federal Rules of Civil Procedure 26(b)(1) and 37, which Plaintiff admits: "Relevance in this context has been construed broadly encompass any matter that could bear on, or that could reasonably lead to other matter that could bear on, any issue that is or may be in the case. (Emphasis added).

8. Plaintiff is not the arbiter of relevance nor is Plaintiff allowed to exclude evidence which discloses the true and correct facts identifying the transactions among the Plaintiff, Defendants, other equity members, and others. Plaintiffs efforts are designed to frame the issues and facts to narrow the facts and truth of the relationships among the players and disguise Plaintiffs

self-serving motives and actions which caused substantial financial losses to the Defendants and others. As will be proven at trial, Plaintiff began negotiating his equity position with Defendants in July 2017, but delayed his physical involvement until he concluded his relationship and settlement agreement with RT Solution after January 1, 2018.

9. Furthermore, Plaintiff argues, at his Memo, page 5, that he "properly and timely objected to these requests". Plaintiffs Response to the Motion is the first time he has sought judicial relief to give him "legal cover" to his persistent and impermissible actions to withhold documents and evidence.

**"B. PLAINTIFF'S RESPONSE: B. The Requests Relating to Plaintiff's Previous Employer are Entirely Irrelevant"** (Plaintiff's Memo, page 4)

10. The title of Plaintiff's argument is similar to placing the rabbit in the hat and pulling it out to prove a fact. Plaintiffs claim as an "employee" ring hallow when all facts are presented and reviewed in their totality.

11. As the evidence will establish at trial, through the documents exchanged between the parties, Plaintiffs preferred method of operation is to have first, a document establishing Plaintiffs equity position in an entity; and second, to have a stand-alone document creating an employment relationship between Plaintiff and the entity. With this structure, Plaintiff can predicate a claim for breach of an employment agreement while not referencing the companion document which established, in the first instance, an equity position in the same entity which Plaintiff asserts he is only an employee. Simply Plaintiff sought to be his own employer. When the enterprise fails, he changes his profile to the unfortunate "employee".

8

12. As the documents will establish at trial, Plaintiff proposed the corporate and employment status structure and provided drafts "agreements". In doing so, Plaintiff had assistance of legal counsel to further his intentions.

13. Plaintiff's argument of irrelevancy speak hollow. If the documents which Plaintiff seeks to conceal were irrelevant and not material in this matter in establishing Plaintiffs status in this case as an equity member without an employee's status. Plaintiff would have produced the documents and sought an order preventing disclosure. That is not the course of action taken by Plaintiff. Instead, Plaintiff seeks to continue concealment.

14. Plaintiff seeks to portray himself simply as an employee who was wrongfully terminated. The Plaintiffs documents delivered to Defendants only after Defendants provided documents contradicting Plaintiff allegations clearly demonstrate that Plaintiff was acting throughout 2017 and 2018 in his own efforts to expand his economic benefit as a sweat equity player while shifting the financial risk to others. The withheld documents will provide the detail of Plaintiffs pattern of behavior prior to, during and after 2018 which contradict his casting himself simply as a mere employee taking all directions from others.

15. Plaintiff argues in his Response, at page 5, that "The documents here are neither relevant to any claim or defense, and are not proportional to the needs of the case." Plaintiff is not the decision maker of relevancy nor materiality of the documents and information.

16. Prior to Plaintiffs Response, Plaintiff has not requested judicial relief to be excused from providing the requested documents.

17. Defendants are entitled to examine the requested documents to prepare their defense.

18. The requested documents are relevant and material to the dispute between Plaintiff and Defendants.

19. The Plaintiff has no basis in fact or law to withhold the requested documents.

**"C. Defendants Already Have All Documents Relating to Plaintiff's Employment with Defendants."** (Plaintiff Memo page 5)

20. Plaintiffs discovery responses demonstrate a pattern of diversion and evasion.

21. Initially Plaintiff provided only 336 pages under a restricted time period which avoided all disclosure of the negotiations of his equity participation and companion employment agreement. After Defendants produced 1013 pages, Plaintiff produced an additional 2042 pages with no specific reference to any Request. Plaintiff attempted to conceal the missing documents through a "discovery dump".

22. Plaintiffs sole argument as to responding to the open requests is that Defendants have the documents. This is an attempt to shift or avoid Plaintiffs responsibility to completely respond to Defendants' Requests. If Plaintiff has no documents, he can say so. If Plaintiff has produced a specific response to a specific request, he can identify the responsive document.

23. General arguments and denials are not proper responses especially where Plaintiff substantially delayed his initial response and responded with additional documents only when Defendants clearly established Plaintiffs representations under oath were contradicted by Plaintiffs own documents.

24. The Plaintiff will experience no prejudice as a result of an Order compelling Plaintiff to produce the requested documents. Defendants' requests have been outstanding for nearly two (2) years and the requests are of no surprise to Plaintiff.

25. The requested documents are essential to Defendants' preparation for trial and their defense at trial.

26. Defendants' have demonstrated cause for the granting of this Motion to Compel.

27. Defendants believe and therefor aver that Plaintiff has no basis in fact or law to defend this Motion to Compel.

WHEREFORE, Defendants respectfully request that this Court grant the Motion to Compel and enter the proposed form of Order.

Respectfully submitted,

/s/ Robert Szwajkos
Robert Szwajkos, Esquire
For CURTIN & HEEFNER LLP
1040 Stony Hill Road, Suite 150
Telephone:   215-736-2521
Email:       rsz@curtinheefner.com

Dated: October 25, 2021